Tagged Opinion

ORDERED in the Southern District of Florida on Oct 8, 2008



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

MICHELLE S. OLIVER
a/k/a MICHEALA OLIVER,

    Debtor.
_____/

Case No. 08-16859-BKC-JKO

Chapter 7

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS AND GRANTING MOTION FOR TURNOVER OF PERSONAL PROPERTY

**THIS MATTER** came before the Court on hearing on September 2, 2008, on Trustee's Objection to Debtor's Claimed Exemption (the "Objection") and Motion for Turnover of Personal Property [DE 24]. Michelle S. Oliver (the "Debtor") filed a response to the Objection and Motion for Turnover. [DE 30]. Since the Debtor plans to reaffirm the debt on her homestead property, as

a matter of law, the Debtor is receiving the benefits from her homestead property and is not entitled to the additional $4,000 personal property exemption provided for under Florida Statute § 222.25(4). Therefore, the Trustee's objection to that claim must be sustained and the Motion for Turnover is granted.

## FACTS

The facts are undisputed. The Debtor filed her voluntary petition on May 27, 2008 [DE 1]. The Debtor listed homestead property located at 9985 West Atlantic Blvd, Coral Springs, FL 33071 (the "Property"), on her Schedule A and did not claim it as exempt on Schedule C, both of which are attached to the petition. *See* [DE 1]. The Debtor, on Form 8 [DE 4], otherwise known as the Statement of Intention, timely stated that she intended to reaffirm the debt on the Property and at the September 2nd hearing the Debtor confirmed that this was still her intention. Countywide Home Loans holds a first lien on the Property at an amount of $225,635.06. *See* "Schedule D" attached to [DE 1]. The value of the Property at the time of filing was $193,140. *See* "Schedule A" attached to [DE 1]. Nothing on the record contradicts the fact that the value of the Property is less than amount of debt encumbering the Property.

## DISCUSSION

The Objection revolves around the recently expanded personal property exemptions found in Section 222.25(4) of the Florida Statues, which provides an exemption for:

> (4) The debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under Section 4, Article X, of the State Constitution.

The language of this provision in Florida law is unambiguous – a debtor may claim the $4,000 additional personal property exemption if the debtor, a) does not claim the constitutional homestead

2

exemption, or b) does not otherwise receive the benefits of the constitutional homestead exemption. In this case since the Property has no equity the Debtor did not list it as exempt. Thus, the Court is asked to decide whether the Debtor is receiving the benefit of the homestead exemption when she affirmatively plans to reaffirm the debt on the Property.

The Debtor's position is that given that a property is "underwater" and has no equity value to the debtor, the continued retention of such of the property confers no homestead benefit to the retaining debtor. The Court disagrees with that analysis and will adopt the reasoning by Bankruptcy Judge Lewis M. Killian, Jr., laid out in *In re Magelitz*, 386 B.R. 879 (Bankr. N.D.Fla.2008). *Magelitz* requires that given the homestead property is not listed as exempt, a "timely" and "clear and unambiguous intent" to abandon the homestead property needs to be demonstrated for a debtor to receive the extra $4,000 personal property exemption. *Id.* at 884: *see also, In re Gatto*, 380 B.R. 88, 90 & 95 (Bankr. M.D. Fla. 2007); *In re Smith*, 07-20066-BKC-RBR, slip op. [DE 58] (Bankr. S.D. Fla July 16, 2008). Abandonment of the Property is essential to this analysis because by reaffirming the debt and maintaining the ownership interest in the Property, creditors will be foreclosed as a matter of Florida law from attaching judgment liens on this homestead property. Put more succinctly, a debtor receives the benefit of the homestead protection, even when the property has no equity value, because future value realized in the Property is protected from all creditors except for those creditors with security interests in the Property. Since the Debtor in this case has not shown a clear and unambiguous intent to abandon the homestead property, she is not entitled to the $4,000 personal property exemption under Fla. Stat. 222.25(4).

Accordingly, it is **ORDERED** that:

1. The Trustee's Objection [DE 24] is **SUSTAINED**.

2.  The Trustee's Motion for Turnover of Personal Property [DE 24] is **GRANTED**.

###

Copies furnished to:

Michael R. Bakst, Esq.
222 Lakeview Ave #800
West Palm Beach, FL 33401

Manny Singh, Esq
6610 N University Dr # 220
Tamarac, FL 33321

Mr. Bakst is directed to serve a conformed copy of this Order on all interested parties not listed above.